UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                18-cr-548 (PKC)

      -against-

                                                                                ORDER

ROBERT GUILIANO,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Robert Guiliano pled guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  On December 7, 2018, this Court sentenced Guiliano to 63 months' imprisonment and three years of supervised release, and imposed forfeiture in the amount of $1,090,962.  (Dec. 7, 2018 Sentencing Tr. (Doc 40); Doc 34.)  The Court further ordered Guiliano, jointly and severally, to pay restitution in the amount of $3,598,349.75.  (Doc 39.)  Guiliano, by his counsel, now moves for modification of the terms of his imprisonment pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), signed into law on December 21, 2018.  (Doc 45.)  He argues that, due to the pandemic presently striking the nation, he has an enhanced risk of contracting COVID-19 at FCI Butner, where he is currently incarcerated, and were he to contract the disease, his preexisting conditions would make it particularly catastrophic to him.

        For the reasons described at some length in <u>United States v. Woodson</u>, No. 18-cr-845, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020), the Court denies Guiliano's motion without prejudice for failure to exhaust administrative remedies.  As this Court concluded in <u>Woodson</u>,

the First Step Act provides a 30-day window for the Bureau of Prisons ("BOP") to act and, only if a prisoner has exhausted his BOP administrative remedies or the 30-day period has expired, may a prisoner make application to the Court.  Id. at *1.  There is no evidence that Guiliano has made any request of the FCI Butner warden or otherwise begun the process of seeking administrative relief.  Guiliano's submission instead asks the Court to "waive" the exhaustion requirement.  For the reasons set forth in Woodson, the Court declines to do so.  See 2020 WL 1673253, at *2-*3.

Guiliano's motion for sentence modification is DENIED without prejudice.  The Clerk is directed to terminate the motion (Doc 45).  Should he fully exhaust his BOP administrative remedies and receive an unfavorable disposition, or submit a request to the Butner warden and not receive any decision within the 30-day window allotted to the BOP to act, Guiliano could then properly seek judicial relief.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
April 24, 2020